AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 6:25cr282
A SAMSUNG CELLULAR TELEPHONE )
BEARING IMEI NUMBER 357994252943017 )   (Under Seal)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
THE SUBJECT PHONE AS DESCRIBED IN ATTACHMENT A TO THE AFFIDAVIT OF SA JASON ALLEN SUBMITTED ON APRIL 24, 2024 (see Attachment A for a detailed description).

located in the _____ District of ___South Carolina___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B to the Affidavit of SA JASON ALLEN submitted on April 24, 2024

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 | Possession With Intent to Distribute (PWID) a Controlled Substance |
| 21 USC 846 | Conspiracy to PWID and Distribute a Controlled Substance |

The application is based on these facts:
**See attached affidavit of SA JASON ALLEN submitted on April 24, 2024

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Jason Allen, Special Agent (HSI)
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/25/24

*Judge's signature*

City and state: Greenville, South Carolina    Kevin F. McDonald, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A SAMSUNG CELLULAR TELEPHONE BEARING IMEI NUMBER 357994252943017, CURRENTLY LOCATED AT THE HOMELAND SECURITY INVESTIGATIONS EVIDENCE ROOM | Case No. |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION
FOR A WARRANT TO SEARCH AND SEIZE**

I, Jason Allen, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of a Samsung cellphone, which is currently in law enforcement possession, and the extraction from that cellphone of electronically stored information, as described in Attachment B.

2. I am a Special Agent with Homeland Security Investigations (HSI) within the Department of Homeland Security and currently stationed in Greenville, South Carolina, assigned to the Border Enforcement Security Taskforce (BEST) Upstate South Carolina. I have been an agent with the Department of Homeland Security since February 2006. I have received approximately 36 weeks of training, including Criminal Investigator Training, HSI Special Agent Training, and Immigration Officer Training at the Federal Law Enforcement Training Center in Glynco, Georgia. As a Special Agent with HSI, I regularly conduct criminal investigations into violations of federal law, such as narcotics distribution and smuggling.

Additionally, I have been the lead agent on a wiretap investigation and have reviewed and analyzed search warrant returns for cell phones and geolocation data.

3. This affidavit is intended to establish probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

4. The property to be searched is a Samsung cellphone bearing IMEI number 357994252943017, hereinafter referred to as the **SUBJECT PHONE**. The **SUBJECT PHONE** is currently located at the evidence storage room at the HSI Greenville Office.

5. The requested warrant would authorize the forensic examination of the **SUBJECT PHONE** for the purpose of identifying relevant electronically stored data, more particularly described in Attachment B.

## PROBABLE CAUSE

6. Beginning in October 2022, HSI BEST Upstate South Carolina, the United States Postal Inspection Service (USPIS), and the Greenville County Drug Enforcement Unit (GCDEU) initiated an investigation into the distribution of methamphetamine in the Greenville, South Carolina area.

7. During the investigation, agents learned that a drug trafficking and money laundering organization (DTMLO), led by codefendant Bryan STEGALL, was smuggling large amounts of methamphetamine from California to South Carolina. STEGALL, who at the time was incarcerated in the South Carolina Department of Corrections at the Evans Correctional Facility in Bennettsville, South Carolina, directed shipments of methamphetamine using contraband cellphones that had been smuggled into the prison system. STEGALL directed mail parcels containing methamphetamine to be mailed, via the United States Postal Service (USPS),

2

FedEx, and the United Parcel Service (UPS), from California to various addresses in the Upstate region of South Carolina. STEGALL then directed various members of the DTMLO to receive these parcels, distribute the methamphetamine, and deliver the proceeds of the drug trafficking back to California.

8. On April 9, 2024, Your Affiant testified before a Grand Jury in the District of South Carolina as to the facts involved in the STEGALL DTMLO. The Grand Jury issued indictments against fourteen (14) people involved in the DTMLO, including Todd HOLLOWAY. ECF No. 2. Arrest Warrants were subsequently issued, and on April 16, 2024, HOLLOWAY was arrested at a location in Travelers Rest, South Carolina. At the time of HOLLOWAY's arrest, he had the **SUBJECT PHONE** in his possession.

9. Following HOLLOWAY's arrest, agents provided HOLLOWAY with his *Miranda* rights both verbally and in writing. HOLLOWAY stated that he understood his rights, voluntarily waived those rights, and agreed to answer questions from the agents. During the interview, agents told HOLLOWAY some of what was known about HOLLOWAY's involvement in the DTMLO. HOLLOWAY denied any involvement. Agents asked HOLLOWAY for his consent to search the **SUBJECT PHONE**. HOLLOWAY declined to give consent to search the entire **SUBJECT PHONE** but did voluntarily show agents a string of text messages between him and STEGALL. Within that text message string, agents observed multiple messages discussing sending money via the PayPal money transfer application as well as the following messages from March 20, 2024:

| | |
|---|---|
| STEGALL: | Got good EJ was at loss for words I mean stupid high |
| HOLLOWAY: | That sounds amazing |
| STEGALL: | I aint sure how he does it either smokes or eats |

3

| | |
|---|---|
| STEGALL: | We always have a diff opinion…lol |
| HOLLOWAY: | Takes a little more to impress me/you |
| HOLLOWAY: | We're soldiers |
| STEGALL: | We are 23 time GRAND CHAMPIONS AND NEVER GOT TIRED AND ALWAYS HAD DOPE TO DO WAS NEVER OUT, ALWAYS THE BEST AROUND AND ONE DAY WE WILL RETIRE AS MOTHERFUCKIN METHAMPHETAMINE5STARGENERALS$ |
| STEGALL: | METHAPANUER |
| STEGALL: | Always the latest and absolutely Mona Lesa of shards&pieces |

10. Pursuant to my training, experience, and my involvement in this investigation, in this conversation, I believe HOLLOWAY was discussing the distribution of methamphetamine with codefendant STEGALL.

11. The **SUBJECT PHONE** is currently in evidence storage at the HSI Greenville office. In my training and experience, I know that the **SUBJECT PHONE** has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the device first came into the possession of the HSI.

12. Based on my training, experience, and research, I know that the **SUBJECT PHONE** has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, and GPS navigation device. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

13. Based on my training, experience, participation in this investigation (and others with similar schemes involving narcotics distribution and smuggling), and consultation with other

experienced law enforcement officers, I offer the following basis to seize the items listed in Attachment B as evidence, fruits, and instrumentalities of the crimes under investigation:

    a. Narcotics traffickers frequently maintain books, records, receipts, notes, ledgers, and other papers relating to the procurement, distribution, storage, and transportation of controlled substances. These documents include but are not limited to: records showing the phone numbers of customers, the amount of controlled substances "fronted" to various customers, along with running totals of customers' debts. Drug traffickers frequently maintain receipts such as credit card billings, parking stubs, hotel reservations/records, airline tickets, gas receipts, and various notes. Items used to package controlled substances are also frequently maintained by drug traffickers. It is also common for drug traffickers to maintain electronic devices that are used to facilitate their criminal activities, to include, but not limited to, computers, electronic tablets, mobile telephones, paging devices, answering machines, police scanners and money counters. In the current transformation of society to a more digital media platform, many of the above-described records and notations are often held and maintained in digital storage devices such as phones, computers, and other digital media storage devices.

    b. Drug traffickers also take, or cause to be taken, photographs and/or video recordings of themselves, their associates, and their proceeds or assets derived from the sale of controlled substances. Drug traffickers usually maintain these photographs and/or video recordings in their possession on personal smart phones as well as at their residences and stash locations.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

14. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

15. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **SUBJECT PHONE** was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the **SUBJECT PHONE** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process.

6

Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

16. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

17. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is a reasonable basis for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

18. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **SUBJECT PHONE** described in Attachment A to seek the

items described in Attachment B for evidence and instrumentalities of violations of 21 U.S.C. §§ 841 and 846.

Respectfully submitted,

_____
Jason Allen
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on April __25__, 2024, in Greenville, South Carolina.

_____
The Honorable Kevin F. McDonald
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is a Samsung cellular telephone bearing IMEI number 357994252943017, hereinafter the **SUBJECT PHONE**. The **SUBJECT PHONE** is currently located in evidence storage at the HSI Greenville Office. This warrant authorizes the forensic examination of the **SUBJECT PHONE** for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT B

1. All records on the **SUBJECT PHONE** described in Attachment A that relate to violations of 21 U.S.C. §§ 841 and 846, including:

    a. lists of customers and related identifying information;

    b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    d. any information about a subject's schedule or travel;

    e. all bank records, checks, credit card bills, account information, and other financial records.

    f. communications or data such as logs of calls dialed, received and missed, electronic address book and contact information, audio files, videos, pictures and/or photographs stored in or generated by the electronic communication device, or received by **SUBJECT PHONE** as part of incoming messages, text messages (also known as Short Message Service), Instant Messages, graphics with names and numbers, and any other means and instrumentalities used in, or evidence of, a violation of 21 U.S.C. §§ 841 and 846.

2. Evidence of user attribution showing who used or owned the **SUBJECT PHONE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.